UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2029** |
| **RANDALL NORFLEET, AND GENE GEISERT,** *individually and as independent executor of The Estate of* **SANDRA LYNN NORFLEET** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Gene Geisert's, individually and as independent executor of The Estate of Sandra Lynn Norfleet, ("Mr. Geisert") Motion for Summary Judgment,[1] wherein he requests summary judgment in his favor, entitling Mr. Geisert to annuity benefits of $246,328.28 arising under the Individual Variable Annuity Contract issued by the interpleader plaintiff, Metropolitan Life Insurance Company ("Metropolitan"). The motion was filed on May 1, 2013 and the submission date was set for June 5, 2013. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Neither interpleader plaintiff, Metropolitan, nor defendant, Randall Norfleet, has filed any opposition to the pending motion. Therefore, this motion is deemed to be unopposed.

In the pending motion, Mr. Geisert claims that, in the days before her death, the Decedent attempted to change the outdated beneficiary designation in her contract with Metropolitan from her brother, Randall Norfleet, to her husband, Gene Geisert, by executing the transfer request. However, Mr. Geisert explains that Metropolitan did not receive the transfer request until ten days after the Decedent's death and there were deficiencies in the request because Decedent did not indicate that

---

[1] Rec. Doc. 14.

the transfer was a full, rather than partial, transfer.[2] Thus, Metropolitan instituted this action to determine the appropriate beneficiary of the policy, and is "ready, willing and able to pay the Annuity Benefits to whichever Defendant the Court shall designate."[3] Mr. Geisert attaches to the pending motion a Release and Settlement Agreement executed by Mr. Norfleet and Mr. Geisert, which memorializes the understanding between them that Decedent intended the transfer request to complete a full transfer of the Metropolitan annuity benefits to a Group Supplement Retirement Annuity account, such that Mr. Geisert would be the sole beneficiary of the annuity benefits. Thus, this Court finds that the pending motion has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Geisert's Motion for Summary Judgment[4] is **GRANTED** and Mr. Geisert is designated as the sole beneficiary of the annuity benefits.

**NEW ORLEANS, LOUISIANA**, this  5th   day of June, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. 14-1 at pp. 2-3.

[3] Rec. Doc. 1 ¶ 23.

[4] Rec. Doc. 14.